PRONARR in assumpsit on appeal from a justice of the peace, on a promissory note for $52.44 made by the defendants to the order of the plaintiff, and payable two years after date, January 31, 1862. On that day the defendants had entered into a composition with all their creditors, of whom the plaintiff was one, to pay each of them twenty per cent of their claims in two installments, the first in three, and the second in six months, and all of whom, including the plaintiff, had on the same day executed a deed of release to them of all claims and demand whatsoever which they had against them. The note in question, however, was secretly given without the knowledge of the other creditors, to secure a larger payment than twenty per cent on the claim of the plaintiff against them, the whole indebtedness being $143.00.
Nields, for the defendants. Under the facts proved the contract in virtue of which the note was given and taken, was fraudulent and void in 15w, and the plaintiff can maintain no action upon it, or upon the note either, for both are fraudulent and void:Add. on Contr. 138. Cockshot et al. v. Bennet et al. 2,T. R., 763. Leicester et al. v. Rose, 4 East 372.Turner v. Hoole, 16 E. C. L. R. 418. Alsager et al.v. Spalding et al. 33 E. C. L. R. 393.
Lore, for the plaintiff. If there was fraud in the contract and in the transaction, the defendants must have been more deeply involved in it, and more responsible for it than the plaintiff, for one solitary creditor could hardly have stood out long against all the other creditors *Page 367 
in the matter of the composition of their claims, if it had not been the secret and spontaneous wish and intention of the defendants to prefer and pay the plaintiff more than any of the rest of them. If then there was a fraud in the transaction between the parties to the suit, and the defendants were as much affected by it as the plaintiff, would they be allowed to take advantage of their own wrong, or their own fraud to defeat the action?
that if the plaintiff could recover at all, he could only recover on the promissory note, as all the previous indebtedness of the defendants to him up to the date of it, had been formally and absolutely released by him. But if the note had been given for the purpose stated and proved, it was fraudulent and void, both in fact and in contemplation of law, and the plaintiff could not recover upon it. Besides, as the release was executed and delivered by the plaintiff and their other creditors on the same day the note was made by the defendants to him, the presumption would be that the note too was released by it unless it had been proved that the note was made afterward on that day.